9766

JENNINGS *ET AL.* v. AUTOMOBILE SALES CO. *ET AL.*

(93 S. E. 188.)

1. RECEIVERS—EVIDENCE—SUFFICIENCY.—On application for appointment of receiver for a partnership and corporation whose affairs were intermingled, evidence *held* to sustain a finding by the Circuit Court that the corporation was insolvent.

2. RECEIVERS—EVIDENCE—SUFFICIENCY.—Evidence *held* to sustain a finding that the affairs of the copartnership and corporation were so intermingled that the plaintiffs were creditors of the corporation as well as the copartnership, and that the business of the two concerns was not separate and distinct.

Before GARY, J., Greenwood, April, 1916. Affirmed.

Action by A. H. Jennings and others against the Automobile Sales Company and others. From an order appointing a receiver, defendants appeal.

*Messrs. Tillman & Mayes,* for appellant, cite: *As to evidence of corporate organization:* Civil Code, secs. 2838, 2839. *Receiverships:* 34 Cyc. 79 and 80; 73 S. C. 131; 53 S. C. 364; Code Civ. Proc. 303.

July 16, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

*Messrs. Grier, Park & Nicholson,* for respondent, cite: 84 S. C. 220.

This is an appeal from an order appointing a receiver. The complaint alleges that the defendants, Automobile Exchange and Automobile Sales Company, are indebted to the plaintiffs in various sums; that the Automobile Exchange is a copartnership, and Automobile Sales Company a corporation; that both concerns are insolvent, and that the

affairs of the two are intermingled; that the copartnership is composed of B. A. Hawkins and C. T. Jones, and the stockholders of the corporation are B. A. Hawkins, C. T. Jones, M. F. Sanders and J. E. Summers; that Hawkins is the manager of both concerns, and they occupy the same building; that but little of the capital stock of the corporation has been paid in, or even called for; that the corporation has executed to Mr. Sanders, one of its stockholders, a mortgage covering its property, and Mr. Sanders is proceeding to foreclose the mortgage. The return alleges that the affairs of the two concerns are kept separate, and that the corporation is not liable for the debts to the plaintiffs. One of the affidavits attached to the return admits that the Automobile Exchange is insolvent; but the return and affidavits deny the insolvency of the Automobile Sales Company, but do not make any effort to show solvency. From the order appointing the receiver, the defendants appeal.

The appellant's argument is mainly on the facts. Appellant says the case establishes the following facts:

"(1) The Automobile Sales Company is not insolvent." In *Wagener* v. *Pape*, 46 S. C. 251, 24 S. E. 342, we find:

"As to the third ground of appeal, we cannot say that the evidence before the Circuit Judge was overwhelming that the defendant, Pape, was not insolvent. If a man is able to pay his debts, it is very easy to prove it. An assertion on one side of insolvency, in connection with confessions of judgment for over $1,200, lodged in the clerk's office, over the goods and chattels of a tottering merchant of small means, outweighs vehement assertions on the other side to the contrary, without specifying any additional property."

Here the copartnership is insolvent. The members of the copartnership go into a corporation with three others. The affidavit of Mr. Hawkins, the manager, states: "The Automobile Sales Company had an authorized capital stock of ten thousand ($10,000) dollars, of which amount 50 per cent. was subscribed by deponents,

C. T. Jones, J. E. Summers and M. F. Sanders, and 20 per cent. of the subscription were paid to the company in cash, notes, labor and the value of the contract with the Chevrolet Company."

Now, add to that statement a mortgage on its property which is being foreclosed, and we cannot say the finding of the Circuit Judge is unsupported by the case.

"(2) That the Automobile Sales Company and Automobile Exchange are entirely distinct and separate.

"(3) That plaintiffs were in no sense creditors of Automobile Sales Company, which has nothing to do with garage, but was a selling corporation.

"(4) The business of the two concerns was separate and distinct and in no way mixed or mingled."

The case fully sustains the finding of the Circuit Judge. The manager was the same; the place of business was the same; *i. e.,* all in the automobile business—different departments, but the same general business.

His Honor is fully sustained, and the order appointing the receiver is affirmed.